damus was originally sought to compel the issuance of a building permit; they cite no cases holding mandamus is the only remedy to be sought.

*Ehrlich v. Village of Wilmette* (1935), 361 Ill. 213, 222, 197 N.E. 567, held the equity court (as then described) had jurisdiction to enjoin the enforcement of a zoning ordinance against a particular piece of property. The supreme court affirmed the remedy of an injunction against defendant's argument that mandamus was the proper remedy. In their own brief defendants cite a case in which the supreme court upheld an injunction against a building permit revocation. *Cities Service Oil Co. v. City of Des Plaines.*

In the case at bar, the protection of property rights is involved, irreparable harm is alleged, an injunction is a proper remedy, and a court in the chancery division properly heard the cause.

The judgment of the circuit court of Cook County is reversed and remanded with directions.

Reversed and remanded with directions.

STAMOS and LEIGHTON, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LONNIE HOLMES, Defendant-Appellant.

(Nos. 59099, 60497 cons.;

First District (5th Division)—May 9, 1975.

PER CURIAM.

James J. Doherty, Public Defender, of Chicago (James M. Sammons, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, and Donald M. Devlin, Assistant State's Attorneys, of counsel), for the People.